**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30516
Summary Calendar

EARL B. STERLING,

Plaintiff-Appellant,

VERSUS

NEW ORLEANS CITY PARK

Defendant

LOUISIANA STATE, through the
NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION
erroneously sued as New Orleans City Park,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-1862)

December 10, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

The Appellant, Earl B. Sterling ("Sterling"), applied for the
position of golf ranger/laborer with the New Orleans City Park, an
unskilled noncompetitive position for which applicants are not

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

required to take a civil service examination. Sterling was afforded a pre-screen interview during which his responses to eighteen (18) Interview Questions were ranked from one (lowest) to five (highest) by the Park's interviewers. Sterling's composite score was a sixty-nine and he was not afforded a second interview. Those who were afforded a second interview had a composite score of at least seventy or greater. Later, Sterling commenced this action contending that because he is disabled and was not awarded the appropriate amount of veteran preference points allowed under the Louisiana Constitution, he was discriminated against because of his disability in violation of the Americans with Disabilities Act (42 U.S.C. § 12102 et. seq.)("ADA").

The State of Louisiana through the New Orleans City Park Improvement Association's ("Park") moved for summary judgment contending that Sterling failed to state a violation under the ADA and that Sterling was not entitled to the veteran preference points for a noncompetitive position. Sterling argued in his opposition to summary judgment that under the Louisiana Constitution, Article 10, Section 10, his score on the Interview Questions was entitled to five preference points for his veteran status and an additional five points for being a disabled veteran. Because he was not afforded his full veteran points, Sterling believed that he was discriminated against because he did not receive a qualifying score for the position for which he applied.

The district court concluded, without determining whether

2

Sterling was entitled to the ten-point preference under the Louisiana Constitution, that the Park's rating of Sterling during the interview process was not discriminatory on the basis that Sterling failed to produce any evidence that he was entitled to the preference and failed to adduce any evidence that the Park's failure to grant Sterling a ten-point preference was discriminatory, i.e., that the Park refused to grant him the preference points because of his disability, in violation of the ADA.

We review the district court's grant of summary judgment de novo. Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). Summary judgment is appropriate when the summary judgment record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); FED. R. CIV. P. 56(c).

In reviewing the record, although we may conclude that the reasons given by the lower court do not support summary judgment, this court is not bound by those grounds articulated and we may affirm the judgment on any other grounds supported by the record. See Forsyth v. Barr, 19 F.3d 1527, 1534 n.12 (5th Cir.), cert. denied, __ U.S. __, 115 S. Ct. 195, 130 L. Ed. 2d. 127 (1994).

Pursuant to Article 10, Section 10 of the Louisiana Constitution, the Civil Service Commission is vested with the authority to promulgate the civil service rules ("Rules"), and the

3

Rules of the Commission have the force and effect of law. Parker & Assoc., Inc. v. State of Louisiana, 454 So.2d 162, 165 (La. App. 1st Cir. 1984), writ denied, 459 So.2d 538 (La. 1984). As long as the "Commission's rules are reasonable and not violative of basic constitutional rights, they must be recognized and given effect by the courts." Id. (citation omitted). Chapter 7, Rule 7.11 governs the granting of "preferential eligibility credits" to persons honorably discharged from the Armed Forces and the amount of credits to be awarded. The state and city civil service departments must accord a ten-point preference in original appointment to each honorably discharged veteran who is disabled. La. Const. 1974, Article 10, Section 10(A)(2); Rule 7.11(c). However, "such preference may be given only to a person who has attained at least the minimum score required on each test ...." Louisiana Constitution, Article 10, Section 10(A)(2); Rule 7.11(e). (emphasis added). Further, Rule 7.20(a) provides that certain classes of unskilled labor, custodial workers, attendants, and similar classes may be designated as "noncompetitive classes" and the open competitive examinations are dispensed with for those classes. Accordingly, we must read these Rules in tandem to ascertain whether Sterling is eligible for the preference points.

When reading these Rules together, the result we must conclude is that Sterling is not entitled to the additional preference points. The position for which Sterling applied was that of golf ranger/laborer, a noncompetitive position, which does not require

4

the applicant to take the civil service examination. On the other hand, persons seeking to apply for "competitive" civil service positions must take an examination and are afforded the veteran preference points only if they meet the minimum requirements. In this case, Sterling was not required to take a civil service test despite his meritless argument that the Interview Questions constitute such a test. Because Sterling's position was a noncompetitive position and thus he was not required to take an examination, there is no "minimum requirement" to compare his interview rating to and, therefore, no requirement to award the preference points. We note that Sterling has failed to point out under the Rules the basis on which he is entitled to the preference points. Finally, Rule 7.12 requires proof of eligibility for military preferences be furnished to the Director of Civil Service by the applicant claiming the preference. Assuming arguendo that Sterling was entitled to the preference points under the civil service rules, our review of the record discloses that Sterling provided no such proof, except for his lone response to Interview Question number 18 in which he stated that he was disabled but provided no further proof regarding his disability. Therefore, based on the foregoing discussion and after reviewing the record and the applicable law, we conclude that the district court's granting of summary judgment should be AFFIRMED.

AFFIRMED.